UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ARMANDO ROCA MAS,

Petitioner,

v. Case No.: 2:26-cv-03033-SPC-KRH

D.H.S. *et al.*,

Respondents.

_______________________________/

**OPINION AND ORDER**

Before the Court are petitioner Armando Roca Mas's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 4).

Roca Mas is a native of Cuba who entered the United States on March 6, 2021. An immigration judge ordered Roca Mas removed to Cuba on June 8, 2021. Immigration and Customs Enforcement (ICE) found there was no significant likelihood of removal in the reasonably foreseeable future and released Roca Mas under an order of supervision on June 16, 2021. Roca Mas has faithfully complied with all terms of supervision; he applied for adjustment of status and received work authorization, and he has no criminal history. On May 15, 2026, local police arrested Roca Mas because of his immigration status and turned him over to ICE two days later. Roca Mas claims his detention is unlawful under *Zadvydas v. Davis*, 533 U.S. 678 (2001).

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Roca Mas has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. ICE determined removal to Cuba was unlikely in 2021, and no change in circumstances makes removal more likely now.

The burden thus shifts to the government. ICE argues Roca Mas hindered removal efforts by refusing to sign the certificate of service on a notice of removal to Mexico. But the government provides no reason to believe Roca Mas's signature on a certificate of service is a prerequisite for removal. What is more, Roca Mas was ordered removed to Cuba, not Mexico. It appears ICE made informal effort to compel voluntary departure, not an above-board removal attempt that complied with statutory and constitutional requirements. *See Andriasian v. Immigr. and Naturalization Servs.*, 180 F.3d 1033, 1041 (9th Cir. 1999) ("Failing to notify individuals who are subject to deportation that they have the right to apply for asylum in the United States and for withholding of deportation to the country to which they will be deported violates both INS regulations and the constitutional right to due process."); *see also D.V.D. v. U.S. Dep't of Homeland Security*, 821 F. Supp. 3d 102 (D. Mass. 2026) (setting aside DHS's current third-country removal policy because it violates noncitizens' right to seek fear-based relief under the Convention

Against Torture). ICE makes no attempt to show it can lawfully remove Roca Mas in the reasonably foreseeable future.

The Court finds no significant likelihood Roca Mas will be removed in the reasonably foreseeable future. He is entitled to release from detention under *Zadvydas*. If removal becomes likely in the reasonably foreseeable future, ICE can detain Roca Mas to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby **ORDERED:**

Armando Roca Mas Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The government shall release Roca Mas within 24 hours of this Order and provide him telephone access so he can arrange his transportation from the facility.
2. Within 48 hours of this Order, the government shall certify it has released Roca Mas from detention.
3. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on November 20, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record